Case 1:21-cv-03137-SAB    ECF No. 14    filed 06/23/22    PageID.500    Page 1 of 12

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 23, 2022
SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VICTORIA V.H.[1],<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | No. 1:21-CV-03137-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

  Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 11, 12. The motions were heard without oral argument. Plaintiff is represented by D. James Tree; Defendant is represented by Sarah Moum and Brian Donovan.

  Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

forth below, the Court grants Plaintiff's Motion for Summary Judgment, ECF No. 11, and denies Defendant's Motion for Summary Judgment, ECF No. 12.

## I. Jurisdiction

On May 29, 2019, Plaintiff filed applications for disability benefits under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. She alleged disability beginning March 31, 2018. Plaintiff's applications were denied initially and on reconsideration. On March 19, 2020, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On October 8, 2020, Plaintiff appeared and testified by telephone before ALJ Glenn Meyers with the assistance of her counsel, Robert Tree. Vocational Expert Thomas Polsin also participated by telephone. The ALJ issued a decision on November 4, 2020, finding Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on September 2, 2021. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on October 22, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~2

education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~3

capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

*Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2017,[2] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017); *see Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend

---

[2] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~5

of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Supportability and consistency are further explained in the regulations:

(1) *Supportability.*
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.*
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

### IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 43 years old. She is divorced and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

has two children. Her daughter lives with her part-time. She has experience cashiering in retail and in fast food.

In 2004, she was diagnosed with Multiple Sclerosis. She explained that her type of multiple sclerosis is relax and remitting so that it comes and goes, but she always has numbness in her hands and feet and she has breathing and balancing problems. Plaintiff testified that she is very temperature sensitive. She also testified that she has had some adverse reactions to the medications that have been prescribed throughout the years and testified that she gets irritated rather easily because of the M.S. Plaintiff estimated that at most she can work at a task for up to 20 minutes and then she will need to take a break.

On some nights, she goes to her friend's house to shoot pool. She testified that she plays with three other people and at most she may shoot for 20 minutes at a time, but when she is not shooting, she is sitting down.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 20-33. The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2023. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 31, 2018. AR 22.

At step two, the ALJ identified the following severe impairments: multiple sclerosis (MS) and a major depressive disorder. AR 17.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 20. The ALJ concluded that Plaintiff's multiple sclerosis did not meet or equal the severity requirements of listing 11.09 because the evidence does not show disorganization of motor function in two extremities resulting in an extreme limitation in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities; or marked limitations in one of the following: understanding, remembering, or applying

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself. The ALJ also concluded that Plaintiff did not meet listing 12.04. AR 23-24.

Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with frequent reaching, handling, and fingering; occasional stooping; no crouching, crawling, or kneeling; no climbing ramps, stairs, ladders, ropes, or scaffolds; avoidance of moderate exposure to temperature extremes; and no balancing, working at heights, or working in proximity to hazardous conditions. In addition, the claimant is capable of engaging in unskilled, repetitive, routine tasks in two-hour increments; and occasional contact with the public, coworkers, and supervisors.

AR 25

At step four, the ALJ found that Plaintiff was unable to perform past relevant work as a bagger, an animal caretaker, a cashier II, a fast food worker, and a cashier checker. AR 31.

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, such as a document preparer, final assembler, and a stuffer. AR 32.

**VI. Issues for Review**

The parties agree that the ALJ harmfully erred in evaluating the medical opinions evidence. Plaintiff asks the Court to remand for an immediate award of benefits. Defendant argues that because the record leaves serious doubt that Plaintiff is disabled, a remand for further proceeding is the appropriate remedy.

**V. Analysis**

Under the "ordinary remand rule," courts reviewing agency decisions will generally remand to the agency for "additional investigation or explanation," if necessary. *Treichler v. Comm. Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~8

2014). Section 405(g), however, gives courts the flexibility to "reverse or modify an administrative decision without remanding the case for further proceedings." *Id*. While a remand for an award of benefits should occur only in rare circumstances, if no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed, remand may be appropriate. *Id.* at 1100.

Defendant acknowledges that because the ALJ at times neither rejected nor accommodated limitations from medical opinions in the RFC, the ALJ erred. Two specific instances were cited by Defendant: (1) while the ALJ accepted Dr. Lu's opinion that Plaintiff was limited to sedentary work, it failed to discuss Dr. Lu's opinion that Plaintiff could work only 21-30 hours; and (2) while the ALJ found that Plaintiff was more limited when it came to her ability to stand/walk and lift/carry than Dr. Drenguis opined, the ALJ failed to address or account for Dr. Drenguis's opinion that Plaintiff could only occasionally handle, finger, and feel.

Defendant argues that because the record includes medical opinions that are consistent with the ability to work and the ALJ ultimately assessed an RFC that moderated the extremes of the various opinions in the record, the Court should remand for further proceedings.

In this case, the ALJ positively found numerous sources to be persuasive, yet for some reason, ignored important aspects of their opinions, including Dr. Lu, Plaintiff's treating physician; Dr. Gibson, examining consultant; Dr. W. Drenguis, examining physician; and Dr. Lee, Plaintiff's treating neurologist.

Dr. Lu, Plaintiff's treating physician, opined in August 2019 that Plaintiff was limited to sedentary work and could only work 21-30 hours per week due to MS. The ALJ found that Dr. Lu's opinion was consistent with the record, Plaintiff's complaints, and Dr. Drenguis's thorough examination findings, yet the ALJ did not address Dr. Lu's opinion regarding Plaintiff's inability to work 40 hours. It is undisputed that based on Dr. Lu's complete opinion, Plaintiff would be

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~9

found disabled because SSA policy requires that a person must be able to work 40 hours per week or they are considered disabled. SSR 96-8p.

The ALJ found Dr. Gibson's report persuasive and consistent with the record (other than his finding she had a low likelihood of recovery). Dr. Gibson opined that Plaintiff would have difficulty performing detailed and complex tasks due to memory difficulties; have difficulty interacting with coworkers and the public due to an elevated level of irritability; have difficulty performing work activities on a consistent basis without special or additional instructions due to difficulties with memory; would have difficulty maintaining regular attendance and completing a normal workday/workweek without interruptions from a psychiatric condition; and would have difficulty dealing with the usual stress encountered in the workplace because she was experiencing a low stress tolerance.

The ALJ noted that given Dr. Gibson's findings on exam, it was reasonable to include the limitations he identified. For some reason, however, the ALJ failed to include the limitations identified by Dr. Gibson in the RFC. There was no accommodation for the need for special and additional instruction, and no mention of the limitations with attendance or completing a normal workday or week that were identified by Dr. Gibson. If the ALJ considered Dr. Gibson's limitations regarding attendant and completing a normal workday or week, the ALJ would have to find Plaintiff disabled, as the VE testified that even chronically missing 1 day per month would not be tolerated.

Dr. Drenguis concluded that Plaintiff could only *occasionally* handle, finger and feel. Dr. Drenguis observed that Plaintiff had difficulty picking up a coin and manipulating a button due to clumsiness, had 4+/5 grip strength, but decreased sensation in both hands, and had trace bicep and brachial radialis deep tendon reflexes. In the RFC, the ALJ assessed that Plaintiff could *frequently* handle, finger, and feel, but did not provide any explanation for discounting Dr. Drenguis's manipulative limitations. That said, the ALJ did find Dr. Drenguis's report

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~10

consistent with Dr. Lu's conclusions and concluded that Dr. Drenguis conducted a thorough exam. The requirement of only occasionally handle, finger, and feel would require a finding of disability.

Dr. Lee, Plaintiff's treating neurologist, opined that since March 2018, Plaintiff had to lay down 1-1.5 hours per day and would miss 4 or more days of work from MS. The ALJ found Dr. Lee "somewhat persuasive" but discounted Dr. Lee's assessment that Plaintiff would miss 4 or more days per month because the ALJ believed Dr. Lee's exams found Plaintiff had a normal gait, strength, and range-of-motion (ROM). However, Dr. Lee did not conclude that Plaintiff would miss work due to her gait, strength, or ROM. On the contrary, he found that Plaintiff would miss 4 or more days of work because she fatigues easily from overexertion and overheating. Moreover, the ALJ failed to properly consider that nearly all of Dr. Lee's exams were telehealth visits and his ability to test Plaintiff's strength, gait, or ROM was therefore limited due to the pandemic.

When the complete testimonies of these medical providers, which the ALJ for the most part found persuasive, are properly considered, along with the record as a whole, it is clear the ALJ would be required to find Plaintiff disabled on remand. There are many abnormal objective findings in the record including instances where Plaintiff's gait was wide-based and shuffling; she had to rock to get momentum to stand from a chair with arms cross; she had difficulty picking up a coin or manipulating a button due to clumsiness; she had a positive Romberg; she could not walk on her heels or toes or stand on one foot due to balance issues; tandem walking was poor; she needed to hold the table for balance to squat and pull herself to standing; she had decreased strength in her grip and in the flexors and extensors of the hips; she had decreased sensation in her hands and feet; and her deep tendon reflexes were all trace.

Because the record has been fully developed, the ALJ did not give legally sufficient reasons for rejecting (or ignoring) the evidence; and the ignored or

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~11

improperly discredited evidence compels disability, remand for the immediate calculation and award of benefits is appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 23rd day of June 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~12